```
            IN THE UNITED STATES DISTRICT COURT

            FOR THE EASTERN DISTRICT OF TEXAS

                       BEAUMONT DIVISION
```

NEWELL GRIFFIN                       §

VS.                                  §    CIVIL ACTION NO. 1:05cv243

G. MITCH WOODS, ET AL                §

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
      THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Newell Griffin, proceeding *pro se*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against G. Mitch Woods and Jefferson County, Texas.

    The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter.  The magistrate judge recommends the lawsuit be dismissed for failure to state a claim upon which relief may be granted.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence.  Plaintiff filed timely objections to the magistrate judge's Report and Recommendation.  The court must therefore has conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).

    Plaintiff's complans of events which occurred in 2000.  The magistrate judge's recommendation for dismissal was based on his

conclusion that this lawsuit, filed in 2005, was barred by the applicable Texas two year statute of limitations.

In his objections, plaintiff states he timely filed a lawsuit in state court complaining of the same events. He states the period of limitations should be equitably tolled during the period of time his state court lawsuit was pending.

As the applicable Texas statute of limitations is applied to cases filed pursuant to 42 U.S.C. § 1982 in federal district courts sitting in Texas, the court also looks to applicable equitable tolling provisions of Texas law. *See Rotella v. Pederson*, 144 F.3d 892, 894 (5th Cir. 1998). Texas law provides for equitable tolling when the pursuit of a plaintiff's legal remedies are precluded by the pendency of other legal proceedings. *See Holmes v. Texas A & M University*, 145 F.3d 681, 684-85 (5th Cir. 1998). However, since plaintiff was not required to pursue a state court lawsuit before filing his current federal lawsuit, he was not precluded from filing this lawsuit because of the pendency of other legal proceedings. *Miles v. Zeller*, No. 05-40972 (5th Cir. Mar. 20, 2006) (unpublished). Plaintiff is therefore not entitled to equitable tolling for the time period his state court lawsuit was pending. As a result, plaintiff's lawsuit is barred by the applicable statute of limitations.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge

are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing this action.

So **ORDERED** and **SIGNED** this **23** day of **March, 2006.**

_____
Ron Clark, United States District Judge